UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MCLAUGHLIN, and
DEBORAH MCLAUGHLIN,

          Plaintiffs,

v.

CHASE HOME FINANCE, LLC, and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

          Defendants.
_____/

Case No. 2:11-cv-11012
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

**AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 23, 2012.**

**PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE**

**I.  INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss [dkt 19]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendants' Motion is GRANTED and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

**II. FACTUAL BACKGROUND**

On or about August 3, 2005, Plaintiffs obtained a loan ("the Loan") in the amount of $170,000 from Sallie Mae Home Loans, Inc. ("Sallie Mae") to purchase property located at

11461 Carr Road, Davison, Michigan 48423 (the "Property"). In connection with the Loan, Plaintiff John McLaughlin signed a Promissory Note ("Note"). As security for the Loan, Plaintiffs granted Mortgage Electronic Registration Systems, Inc. ("MERS") a mortgage on the Property (the "Mortgage") as nominee of Sallie Mae. Since at least 2006, Chase Home Finance, LLC ("Chase") was the servicer of the Mortgage. By assignment dated February 22, 2010, and recorded February 23, 2010, with the Genesee County Register of Deeds, MERS assigned all of its right, title and interest in the Property to Chase.

Plaintiffs defaulted on their obligations under the Mortgage and Chase commenced foreclosure proceedings. Five days before the scheduled sheriff's sale of the property, Plaintiffs filed their Complaint in this Court, seeking to enjoin the sheriff's sale. On June 1, 2011, Plaintiffs amended their Complaint. Plaintiffs' amended Complaint alleges the following Counts against Defendants: Count I – Injunctive Relief and Declaratory Order; Count II – Fraud and Misrepresentation; Count III – Wrongful Foreclosure; and Count IV – Fair Debt Collections Practices Act ("FDCPA") Violations.

### III. LEGAL STANDARD

**A. FED. R. CIV. P. 12(B)(6)**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of

2

entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct."  *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice."  2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000).

**B. FED. R. CIV. P. 9(B)**

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Fed. R. Civ. P. 9(b).  The Sixth Circuit has further interpreted the rule to require a plaintiff to allege "the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud."  *Sanderson v. HCA–The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (citations omitted).  Complaints that fail to conform to the pleading requirements of Rule 9(b) are subject to dismissal.  *See id*.

### IV. ANALYSIS

**A.  COUNT I – INJUNCTIVE RELIEF AND DECLARATORY ORDER**

Plaintiffs' Count I seeks injunctive and declaratory relief to prevent the foreclosure on the Property.  Plaintiffs challenge the foreclosure on several fronts.  First, Plaintiffs rely on *Residential Funding Co. LLC v. Saurman, et al.*, 292 Mich. Ct. App. 321 (Apr. 21, 2011), to challenge MERS's rights as mortgagee.  Plaintiffs then attempt to challenge the validity of the Mortgage and foreclosure by claiming that only one Plaintiff (John McLauglin) signed the

Promissory Note, that Defendants failed to pay property taxes on the Property, that MERS gave no consideration as mortgagee, and that Chase improperly assigned its rights under the mortgage to an unnamed entity. The Court, however, finds these arguments unpersuasive for the reasons discussed below.

### 1. *Residential Funding Co. LLC v. Saurman*

In their Complaint, Plaintiffs cite to the Michigan Court of Appeals' ("Court of Appeals") decision in *Saurman* to dispute MERS's right to foreclose by advertisement, and by extension, MERS's right to assign any such right to Chase. According to Plaintiffs, the Court of Appeals ruled in *Saurman* that, because MERS did not own or have an interest in the underlying indebtedness secured by the mortgage, and did not service the mortgage in question, MERS had no right to foreclose by advertisement. Accordingly, Plaintiffs claim that foreclosures by advertisement made by MERS against these conditions are void *ab initio*.

The Court first acknowledges that the Court of Appeals in *Saurman* did find that MERS lacked the authority to foreclose by advertisement. The Michigan Supreme Court, however, reversed the Court of Appeals' ruling, finding that the Court of Appeals erroneously construed Mich. Comp. Laws § 600.3204(1)(d), and that MERS *is* statutorily authorized to foreclose by advertisement. *See Residential Funding Co., LLC v. Saurman,* 490 Mich. 909 (2011). Thus, to the extent that they rely on the Court of Appeals' ruling in *Saurman*, Plaintiffs' arguments fail as a matter of law.

### 2. *Signatories to the Promissory Note*

Plaintiffs further note that while Plaintiff Deborah McLaughlin was a signatory to the Mortgage, she did not sign the Promissory Note. From this, Plaintiffs theorize that Defendants cannot establish that Plaintiff Deborah McLaughlin is in default, and that Defendants are thus

4

precluded from foreclosing against her under Mich. Comp. Laws § 600.3204. This argument is misplaced.

Although only Plaintiff John McLaughlin signed the Note, both Plaintiffs signed the Mortgage, and in so doing granted a security interest in the Property to MERS. The foreclosure statute requires only that "[a] default in a condition of the mortgage [occur], by which the power to sell [becomes] operative." Mich. Comp. Laws § 600.3204(1)(a). As such, Defendants need not prove that Plaintiff Deborah McLaughlin individually defaulted under the Note. Rather, Defendants need only show that any default occurred under the Mortgage. In that regard, it is apparent that Plaintiffs did default under the Mortgage. The Mortgage required monthly payments by the "Borrower"—which was defined to include both McLaughlins—and Plaintiffs do not dispute that they failed to make monthly payments pursuant to the Mortgage. Therefore, a default under the conditions of the Mortgage occurred, giving Chase (as servicer and assignee of MERS) the right to foreclose by advertisement.

*3. Transfer Taxes Under Mich. Comp. Laws §§ 207.501 and 207.521*

Plaintiffs' argue next that Defendants violated Michigan's property transfer tax statutes because they did not pay any taxes in connection with the filing of the Mortgage, and thus the assignment of the Mortgage from MERS to Chase was invalid. Assignments of mortgages, however, are specifically exempt from transfer taxes under Mich. Comp. Laws §§ 207.505(d), 207.526(d). Therefore, Plaintiffs' claim with respect to property transfer taxes is without merit.

*4. Failure of Consideration*

Plaintiffs further allege that MERS could not properly be the original mortgagee because MERS failed to furnish Plaintiffs with any consideration in exchange for being granted the Mortgage on the Property. By this, it appears that Plaintiffs are arguing that a valid contract can

only involve a bargained-for exchange between two parties supported by adequate consideration. Michigan courts, however, have found otherwise, consistently upholding the validity of mortgages in which MERS is the mortgagee but not the lender. *See Golliday v. Chase Home. Fin., LLC*, no. 10-cv-532, 2011 WL 4352554, at *7 (W.D. Mich. Aug. 23, 2011), *R&R approved*, 2011 WL 4352677 (W.D. Mich. Sept. 16, 2011) ("Over the twenty years that MERS has existed, borrowers who default on their loan obligations have attempted, <u>without success</u>, to attack the validity of the mortgage based on the involvement of MERS.") (emphasis added). Further, the Mortgage is properly supported by consideration because MERS's "contractual obligations as mortgagee were dependent upon whether [Plaintiffs] met the obligation to pay the indebtedness which the [M]ortgage secured." *Saurman*, 490 Mich. at 909.

Moreover, Michigan law further recognizes that a party other than the lender can be the mortgagee of record, and that it is entirely appropriate for the party that gave consideration to appoint another party as its nominee and mortgagee of record. *See id.* ("It has never been necessary that the mortgage should be given directly to the beneficiaries. The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands. . . . The choice of a mortgagee is a matter of convenience." (quoting *Adams v. Niemann*, 46 Mich. 135, 137 (1881)). As the *Adams* court noted, "A mortgage to a third person would be as valid as a mortgage to a creditor." 46 Mich. at 137; *see also City of Highland Park v. Grant-Mackenzie Co.*, 366 Mich. 430, 447 (1962) (holding that, for consideration to exist, the benefit rendered need not be to the contracting party, and that consideration supporting a promise need not involve benefit to the promisor (citations omitted)). As such, Plaintiffs' argument challenging MERS's right to foreclose based on a lack of consideration fails as a matter of law.

*5. Chase's Alleged Improper Assignment to an Unknown Party*

6

Plaintiffs' final argument in support of injunctive relief is that, because Chase assigned the indebtedness to an unknown entity, the record chain of title is faulty, and Chase therefore cannot foreclose by advertisement. In support of this claim, Plaintiffs point to a stamp appearing on the Note (but notably, not the Mortgage), and a reference that Morgan Stanley Vice President George Keyloun "robosigned" the Note. The stamp states "Pay to the order of:" and thereafter contains a blank. Plaintiffs' appear to argue that this vague, undated, unrecorded stamp on the <u>Note</u> served as a valid assignment of the <u>Mortgage</u> to some unknown entity, thereby invalidating Chase's right to foreclosure under Mich. Comp. Laws § 600.3204(1)(d).

Plaintiffs' argument is, at best, questionable, and appears to be based on no applicable law known to the Court. Moreover, Defendants have established a valid chain of title with respect to Chase's right to foreclose by way of MERS's assignment, as required under Michigan law:

> If the party foreclosing a mortgage by advertisement is not the original mortgagee, **a record chain of title shall** exist prior to the date of sale under section 3216 **evidencing the assignment of the mortgage to the party foreclosing the mortgage.**

Mich. Comp. Laws § 600.3204(3) (emphasis added). Here, the Mortgage clearly declares MERS the mortgagee. Plaintiffs granted the Property and power of sale to MERS and its successors and assigns. The Mortgage also grants MERS the right to foreclose. MERS in turn executed an unambiguous document assigning its rights under the Mortgage to Chase. *See* dkt 19, ex. C. Thus, a record chain of title clearly exists, providing Chase the right to foreclose.

Additionally, the "stamp" Plaintiffs scrutinize appears on the Note, rather than the Mortgage, and thus can hardly be considered an assignment of the Mortgage. Yet, even if it constitutes an assignment, the "stamp" does not affect the validity of Chase's foreclosure because the "stamp" was never recorded. *See Saurman,* 490 Mich. 909 (finding that that the

validity of the foreclosure is not affected by any unrecorded assignment of interest held for security) (internal citations and quotations omitted). In contrast, a clear and unambiguous record chain of title exists with respect to MERS's assignment of its rights under the Mortgage to Chase—establishing Chase's right to foreclose by advertisement. [1]

Having found that Plaintiffs' various arguments in support of injunctive relief all fail as a matter of law, the Court turns next to Plaintiffs' allegations of fraud and misrepresentation by Defendants.

### B. COUNT II – FRAUD AND MISREPRESENTATION

Plaintiffs state in Count II of their Complaint that Defendants misrepresented facts by claiming they were legally entitled to foreclosure by advertisement pursuant to Mich. Comp. Laws § 600.3201, and that these misrepresented facts were material to the transactions at issue. Plaintiffs' remaining assertions are no more than a bare recital of the legal requirements of a fraud and misrepresentation claim.

The Court finds that Plaintiffs fail to allege any sort of detail or particularity regarding who made false representations, when such representations were made, or why such representations were intentional. As such, Plaintiffs have failed to state sufficient allegations to make out a claim of fraud, and their claim must fail. *See Ormanion v. Detroit Entm't, LLC*, No. 256424, 2005 WL 2372084, at *2 (Mich. Ct. App. Sept. 27, 2005) (holding that plaintiffs "g[a]ve

---

[1] Additionally, the state and federal courts of Michigan have widely rejected similar arguments challenging the validity of the chain of title when the challenging party is not privy to the challenged assignments. *See Livonia Props. Holdings, LLC v. 12840–12976 Farmington Road Holdings, LLC,* No. 10–1782, 399 F. App'x 97, 102 (6th Cir. 2010) (rejecting arguments that a defective or flawed assignment corrupts the chain of title because, among other reasons, "a litigant who is not a party to an assignment lacks standing to challenge that assignment.") (internal quotation marks and citations omitted), *cert. denied*, ___ U.S. ___, 131 S.Ct. 1696 (2011); *Jarbo v. BAC Home Loan Serv.,* No. 10–12632, 2010 WL 5173825, at *8 (E.D. Mich. Dec.15, 2010) (same). As such, Plaintiffs, as non-parties to the "assignment" in question, lack standing to challenge such assignment as a basis of invalidating Chase's foreclosure.

8

no specific indication of their basis for claiming that defendants knew they were making false representations. Thus, defendants were entitled to summary disposition with regard to plaintiffs' fraudulent misrepresentation claims because they were not pleaded with particularity.")

## C. COUNT III – WRONGFUL FORECLOSURE

In their third Count, Plaintiffs claim that Defendants wrongfully and illegally foreclosed by advertisement. Since essentially no factual allegations were made in connection with this Count, it appears that Plaintiffs allege wrongful foreclosure based upon their interpretation of the Michigan Court of Appeals' decision in *Saurman*. As previously discussed, this argument is no longer supported due to the Michigan Supreme Court's reversal of the Court of Appeals.[2] Moreover, Plaintiffs have also failed to establish whether a claim for "wrongful foreclosure" may be brought in this case, in light of the fact that nothing in the record appears to indicate that a foreclosure sale has actually taken place. As such, Plaintiffs have failed to state a valid claim with respect to Count III.

## D. COUNT IV – FDCPA VIOLATIONS

Last, Plaintiffs allege that Defendants were in violation of the FDCPA. Under the FDCPA, "statutory liability is limited to debt collectors." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 104 (6th Cir. 1996). Plaintiffs claim that Defendants are debt collectors as defined under the FDCPA, concluding that:

> Defendants utilized means, methods, and conduct which served to harass, oppress and abuse Plaintiffs . . . . [Defendants] were false deceptive and/or misleading[,] . . . did threaten and utilize unlawful and prohibited actions[,] . . . did utilize unfair and/or unconscionable collections means[,] . . . [and] did fail to provide required written notices to Plaintiffs.

Plaintiffs, however, fail to address the fact that the FDCPA excludes from the definition of "debt collector" any "person collecting or attempting to collect any debt owed or due or

---
[2] *See* section A, subsection 1, *supra*.

9

asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C.S 1692a(6)(F). Thus, a mortgage servicer, which Chase was since at least 2006, is not considered a debt collector under the act unless the loan in question was in default at the time the servicer acquired its interest in the loans. *See King v. Ocwen*, No. 07-11359, 2009 WL 724062, at *4 (E.D. Mich. Mar. 18, 2009) ("A loan servicer is not a 'debt collector,' as required to support a claim under the [FDCPA] where the borrower was not in default at the time the servicer acquired its interest in the loans.") Plaintiffs do not allege that the loan was in default at the time Chase began servicing it (September 21, 2006), and Plaintiffs did not default on the Mortgage until 2009. Chase, therefore, is not a "debt collector" under the FDCPA and cannot be held liable for any purported violation of the FDCPA.

With respect to MERS, Plaintiffs do not allege that MERS is the entity attempting to foreclose on the Property, or that MERS has acted as a "debt collector." As such, Plaintiffs have failed to state a valid claim under the FDCPA with respect to MERS.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Defendants' Motion to Dismiss [dkt 19] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Date: March 23, 2012                                  s/Lawrence P. Zatkoff
                                                      LAWRENCE P. ZATKOFF
                                                      U.S. DISTRICT JUDGE